BOYER, Judge
(concurring specially).
I am in complete agreement with the foregoing opinion. However, I feel it pertinent to point out that we have not overlooked our own prior case of Phoenix Insurance Company v. Helton, Fla.App. 1st 1974, 298 So.2d 177, nor is the foregoing opinion in conflict therewith.
In the Phoenix case, Phoenix, who was the defendant in the trial court, contended that the evidence demonstrated as a matter of law that the injury to the plaintiff was caused intentionally by Phoenix’s insured and that therefore the exclusionary provision of the policy was applicable: That provision providing that the policy would not apply to bodily injury or property damage caused intentionally by or at the direction of the insured. We first pointed out that the evidence was simply insufficient to establish that the plaintiff’s injury was caused intentionally or at the direction of Phoenix’s insured. We further rejected Phoenix’s contention that “if the act by which the injury is caused is intentional then the injury is intentional”. Such are not the facts nor contentions sub judice. Here we consider an entirely different principle of law, viz: That insurance coverage for accidental injury is not available to an insured who sustains an injury which was the natural or probable result of his own aggressive assault on another, reasonably foreseeable by him or by a reasonably prudent person in his position.